IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ROBERT GRIZZLE, § | | |
| TDCJ NO. 1998719, § | | |
|    *Plaintiff,* § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 5:22-cv-017-BQ |
| § | | |
| BRYSON MCINTIRE, ET. AL., § | | |
|    *Defendants.* § | | |

### DEFENDANT BRYSON MCINTIRE'S ANSWER AND JURY DEMAND

Defendant Bryson McIntire ("Defendant") files this Original Answer and Jury Demand in response to Plaintiff Robert Grizzle's Original Complaint ("Complaint") (ECF 1) and the Court's Order to Answer and For Partial Dismissal. (ECF 16).

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant McIntire denies each and every allegation contained in Plaintiff's Original Complaint except those expressly admitted herein.

1. Defendant admits that Grizzle has brought this claim for compensatory and punitive relief under the Eighth Amendment pursuant to 42 U.S.C. § 1983 but denies Plaintiff is entitled to any relief demanded in his complaint. Defendant further denies any violation of Plaintiff's constitutional rights.

2. Defendant McIntire admits that Plaintiff was and is an incarcerated offender within the Texas Department of Criminal Justice (TDCJ) and is currently confined at the Smith Unit in Lamesa, Texas.

3. Defendant McIntire admits he is employed by the Texas Department of Criminal Justice, Institutional Division.

4. Defendant McIntire contends that Plaintiff has not stated a claim that amounts to cruel and unusual punishment in violation of the Eighth Amendment.

5. Defendant contends that Plaintiff has not stated a claim of excessive use of force.

6. Defendant contends that Plaintiff has not stated a claim upon which relief can be granted under 42 U.S.C. § 1983 or any other statute, constitutional theory, or legal authority.

7. Defendant McIntire denies that there are circumstances in the present case such that a viable action exists under 42 U.S.C. § 1983.

## AFFIRMATIVE AND GENERAL DEFENSES

8. Defendant McIntire asserts that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

9. Defendant McIntire asserts that any claim premised upon negligent violation of TDCJ or other relevant policy will not support a claim pursuant to 42 U.S.C. § 1983. Defendant further asserts that to the extent Plaintiff brings negligence claims against him in any capacity, there is no waiver of immunity and his claims are barred by sovereign and Eleventh Amendment immunity.

10. Defendant McIntire asserts that Grizzle must demonstrate the personal involvement of each Defendant to support a claim of constitutional dimension under 42 U.S.C. § 1983.

11. Defendant McIntire asserts that any claim premised upon the doctrine of respondeat superior will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

12. Defendant McIntire asserts his entitlement to qualified immunity for this 42 U.S.C. § 1983 cause of action and any other federal claim asserted against him in his individual capacity.

13. Defendant McIntire denies that Plaintiff may bring his suit without first exhausting his administrative remedies. *See* 42 U.S.C. § 1997e(a). Should it become evident that Plaintiff failed to properly exhaust his administrative remedies, Defendant will file a motion to dismiss for failure to properly exhaust.

14. At all times relevant to this cause, Defendant McIntire acted, if he acted at all, in his official capacity as an official of TDCJ, with the reasonable and good faith belief that his actions were proper under the Constitution and laws of the state. A government agent who does not violate clearly established law is entitled to qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982); *Gullate v. Potts*, 654 F.2d 1007 (5th Cir. 1981); *Williams v. Kelley*, 624 F.2d 695 (5th Cir. 1980). Defendant therefore, asserts his entitlement to qualified immunity.

15. Defendant McIntire asserts Eleventh Amendment immunity to any federal claim against his in his official capacity.

16. Defendant McIntire asserts that claims for monetary damages may not be brought against him in their official capacity as a state official because such claims are not considered to be against "persons" subject to suit under 42 U.S.C. § 1983.

## JURY DEMAND

17. Defendant McIntire hereby demands a trial by jury.

## CONCLUSION

Defendant prays that Plaintiff take nothing and that Defendant be awarded their costs, and have such other and further relief, general and specific, at law and in equity, to which he may be justly entitled.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

/s/ *Erika D. Hime*
**ERIKA D. HIME**
Assistant Attorney General
Texas State Bar No. 24072899
Erika.Hime@oag.texas.gov

Office of the Attorney General
P.O. Box 12548
Austin, TX 78711-2548
(512) 463-2080 / Fax (512) 370-9814

**ATTORNEYS FOR DEFENDANTS**

### NOTICE OF ELECTRONIC FILING

I, **ERIKA D. HIME**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Northern District of Texas, on November 30, 2022.

*/s/ Erika D. Hime*
**ERIKA D. HIME**
Assistant Attorney General

### CERTIFICATE OF SERVICE

I, **ERIKA D. HIME**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and forgoing has been served via U.S. Postal Service, certified mail, return receipt requested, postage prepaid, on November 30, 2022, addressed to:

**Robert Grizzle, TDCJ # 1998719    CMRRR 7020 1290 0000 7446 6604**
**Smith Unit**
**1313 County Road 19**
**Lamesa, Texas 79331**
**Plaintiff** *Pro Se*

*/s/ Erika D. Hime*
**ERIKA D. HIME**
Assistant Attorney General