IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ROBERT GRIZZLE,<br>Institutional ID No. 1998719,<br><br>Plaintiff,<br><br>v.<br><br>BRYSON MCINTIRE, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 5:22-CV-017-BQ<br>§<br>§<br>§<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pro se Plaintiff Robert Grizzle filed this action under 42 U.S.C. § 1983. ECF No. 1. The United States District Judge granted Grizzle's Application to Proceed *In Forma Pauperis* (IFP) (ECF Nos. 2, 5), and transferred this action to the undersigned United States Magistrate Judge for preliminary screening under the Prison Litigation Reform Act (PLRA). ECF No. 6. In doing so, the district judge notified Grizzle that service of process would be withheld pending judicial screening (ECF No. 5), meaning that no defendant would be served until that time. Thereafter, Grizzle consented to proceed before a magistrate judge for all further proceedings, including entry of a final judgment. ECF No. 11.

In accordance with the Order of Transfer and Grizzle's consent, the Court entered an Order of Partial Dismissal and Judgment, disposing of certain claims under 28 U.S.C. §§ 1915 and 1915A. ECF Nos. 16, 18. Now before the Court is Grizzle's Motion to Vacate the Judgment Pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 23. Through the motion, Grizzle argues that the order of dismissal and judgment were entered "unlawfully" because the undersigned magistrate judge lacks authority to enter a final judgment due to Defendants' lack of

consent. *Id.* at 2–3. After considering Grizzle's motion and applicable law, the undersigned recommends that the motion be **DENIED** for the reasons set forth below.

## I. Discussion

The Federal Rules of Civil Procedure do not specifically provide for motions to reconsider. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). A motion seeking reconsideration of a judgment is, however, generally considered a motion to alter or amend under Rule 59(e), when filed within twenty-eight days after entry of judgment. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). A Rule 59(e) motion must: (1) establish either an error of law or fact; (2) present evidence that is newly discovered; or (3) assert a change in controlling law. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*

Here, Grizzle argues that the undersigned "committed a clear error of law" by acting outside of his authority under 28 U.S.C. § 636(c)(1). ECF No. 23, at 3. In doing so, Grizzle does not dispute that he has consented to proceed before a magistrate judge (*see* ECF No. 11), but he nevertheless contends that his consent alone is insufficient because the Defendants have not also consented. *See* ECF No. 23, at 3–4. In support, Grizzle cites to several out-of-circuit decisions. *Id.*

Grizzle is correct that magistrate judges have authority to conduct "proceedings in a jury or nonjury civil matter and order the entry of judgment in the case" where all parties voluntarily consent. 28 U.S.C. § 636(c)(1). In this way, "[c]onsent is . . . 'the touchstone of magistrate judge

2

jurisdiction.'" *PNC Bank, Nat'l Ass'n v. Ruiz*, 989 F.3d 397, 400 (5th Cir. 2021) (quoting *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 914 (9th Cir. 2003)). Grizzle is mistaken, however, insofar as he believes that the undersigned acted beyond his jurisdictional authority.

Under Miscellaneous Order No. 6, Rule 2(a)(10), the district judges of the Northern District of Texas authorized magistrate judges serving within the district to exercise jurisdiction under 28 U.S.C. § 636(c) in actions filed by prisoners, pro se persons, or persons proceeding IFP (1) upon an order of transfer from the district judge and (2) "if, prior to service of process, the parties to the action consent to proceed before the magistrate judge." When screening a case under the PLRA and § 1915 before service of process, there is only one party to the case—the prisoner-plaintiff.

The Fifth Circuit affirmed this reasoning in *Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995). In that case, based solely on the prisoner-plaintiff's consent, the district judge transferred the case to the magistrate judge. *Id.* at 532. The magistrate judge then dismissed the case as frivolous under 28 U.S.C. § 1915(d). *Id.* at 531–32. The Fifth Circuit affirmed dismissal after finding that "because [the defendants] had not been served, they were not parties to this action at the time the magistrate entered judgment." *Id.* at 532. The court therefore concluded that "lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction in [the] matter." *Id.*

Thus, Fifth Circuit precedent squarely rejects Grizzle's position. Although he correctly notes that the Third, Seventh, and Ninth circuits have concluded otherwise, the present law of this circuit is clear: unserved defendants are not parties for the purpose of determining consent under 28 U.S.C. § 636(c). Grizzle consented to proceed before a United States Magistrate Judge, and the undersigned acted in accordance with that consent. As such, because Grizzle has not pointed

to an error in fact or law, presented newly discovered evidence, or asserted a change in controlling law, he is not entitled to Rule 59(e) relief.

## II. Recommendation

For these reasons, the undersigned **RECOMMENDS** that the United States District Judge deny Grizzle's motion. ECF No. 23.

## III. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 5, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE