IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ROBERT GRIZZLE,<br>Institutional ID No. 1998719,<br><br>Plaintiff,<br><br>v.<br><br>BRYSON MCINTIRE, et al.,<br><br>Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. 5:22-CV-017-BQ |

## ORDER

Now before the Court is pro se Plaintiff Robert Grizzle's Motion for Sanctions. ECF No. 37. On October 31, 2022, the Court completed preliminary screening of Grizzle's Complaint and ordered Defendants the State of Texas, the Texas Department of Criminal Justice (TDCJ), and Bryson McIntire to answer or otherwise plead to the surviving claims within thirty (30) days. ECF No. 16. Through his motion, Grizzle avers that "those [D]efendants still have not answered or otherwise plead[ed]." ECF No. 37, at 1. Relying on Federal Rule of Civil Procedure 16(f)(1)(c),[1] Grizzle asks the Court to "award $500 . . . as a sanction," which amounts to repayment of his alleged court costs. Id. at 3. Grizzle further asks the Court to order Defendants "to answer immediately." Id. at 4. Defendants did not file a response to the motion and the time to do so has now expired.

Contrary to Grizzle's assertion, Defendants have not failed to comply with the Court's Order to Answer. Defendant McIntire filed his answer and the State Texas and TDCJ filed a Motion to Dismiss on November 30. ECF Nos. 26, 28. Counsel included a Certificate of Service

---

[1] "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(c).

on each filing, representing that copies were "served via U.S. Postal Service, certified mail, return receipt requested, postage prepaid" to Grizzle's address on file with the Court the same day. ECF Nos. 26, 28.[2] Under Rule 5(b)(2)(C), service by mail "to the person's last known address . . . is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C). The responsive pleadings were therefore timely, even though Grizzle did not receive them. *See Reese v. Sun Life Assurance Co. of Can.*, 483 F. Supp. 3d 407, 413 (W.D. Tex. 2020) ("[E]ven if [defendant] never received a copy of [plaintiff's] motion, [r]eceipt is not required to perfect service by mail." (internal quotation marks and citation omitted)); *Myles v. Nat'l Ass'n of Letter Carriers*, No. 3:14–CV–985–M, 2015 WL 181765, at *2 (N.D. Tex. Dec. 2, 2014) ("[W]here a pleading's certificate of service, signed by counsel, indicates it was mailed on a date certain, and there is no evidence that the pleading was not mailed, but only that plaintiffs did not receive it, service of a pleading by mail is complete upon mailing." (cleaned up) (quoting *Wasserman v. Long*, No. 3:07-cv-1091-WKW, 2008 WL 696896, at *3 (M.D. Ala. Mar. 13, 2008))). The Court therefore **DENIES** Grizzle's motion.

The Clerk shall attach a copy of docket numbers 26 (Defendant Bryson McIntire's Answer) and 28 (Defendants the State of Texas and TDCJ's Motion to Dismiss) to this Order and mail them to Grizzle.

**SO ORDERED.**

Dated: February 23, 2023.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Based on the Court's review, the USPS tracking number confirms that counsel mailed the pleadings as represented, but for reasons unknown the USPS eventually returned them undelivered. Thus, even if Grizzle did not receive Defendants' pleadings, no basis exists for imposing sanctions.