UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ROBERT GRIZZLE,
Institutional ID No. 01998719,
SID No. 06338618
Previous TDCJ ID Nos. 01330107

                Plaintiff,

v.                                                                                        No. 5:22-CV-00017-H

BRYSON MCINTIRE, *et al.*,

                Defendants.

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE
AND REQUIRING A MOTION ON QUALIFIED IMMUNITY**

      The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) that this Court deny both (1) Defendants the State of Texas and TDCJ's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6); and (2) Plaintiff's motion to amend his complaint. (*See* Dkt. No. 44.) No objections were filed.

      The District Court has reviewed the FCR for plain error. Finding none, the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge as to the motion to dismiss and denies the motion. (Dkt. No. 28.) Accordingly, the State of Texas and TDCJ must file their answer within 14 days of the date of this order. *See* Fed. R. Civ. P. 12(a)(4)(A).[1]

---

[1] A Rule 12 motion extends the time for answering: "if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A); *Strukmyer, LLC v. Infinite Fin. Sols., Inc.*, No. 3:13-cv-3798-L, at *3 (N.D. Tex. Dec. 5, 2013).

The Court also accepts the Magistrate Judge's recommendation that the Court deny Plaintiff's motion to amend. However, the Court modifies its findings. As explained below, the motion, (Dkt. No. 34), is denied—not for lack of jurisdiction, but because Plaintiff has already pled his best case as to the previously dismissed claims and amendment would be futile. Additionally, the Court notes that Defendant Bryson McIntire has filed an answer asserting the affirmative defense of qualified immunity. (Dkt. No. 26.) So, the Court will enter a separate order requiring a motion for summary judgment on qualified immunity from Defendant McIntire.

In the FCR, the Magistrate Judge recommended denial of the motion to amend because the Court lacked jurisdiction while the appeal was pending. (*See* Dkt. No. 44.) However, the Court notes that—despite being granted an extension of time to file his appellant's brief—Plaintiff failed to file the brief and the appeal was recently dismissed for want of prosecution under Fifth Circuit Rule 42. (*See* Dkt. No. 46.) So, the appeal is no longer pending, and the Court now has jurisdiction to resolve the motion.

Plaintiff's bare-bones motion to amend—filed after the denial of a previous motion to vacate the judgment under Federal Rule of Civil Procedure 59(e), and also after he filed a notice of appeal—seeks to cure deficiencies in his complaint that resulted in the Magistrate Judge's partial dismissal and final judgment of some of his claims under Federal Rule of Civil Procedure 54(b). (*See* Dkt. No. 34.) Specifically, Plaintiff argues that the court's sua sponte dismissal without first giving him an opportunity to amend was improper.

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). However,

2

the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id*.

At a hearing under *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), Plaintiff testified under oath, and that testimony was made a part of Plaintiff's complaint. *See Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996) (explaining that testimony from a *Spears* hearing becomes part of the complaint). "A complaint, as amended by a *Spears* hearing, may be dismissed pursuant to a Rule 12(b)(6) motion by the defendant or by 28 U.S.C. § 1915(d) if it lacks an arguable basis in law." *Jackson v. Vannoy*, 49 F.3d 175, 176–77 (5th Cir. 1995) (footnotes omitted). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) (internal quotation marks omitted). Moreover, Section 1915(d) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The Magistrate Judge concluded that the claims at issue lacked an arguable basis in law and dismissed them with prejudice under 28 U.S.C. §§ 1915 and 1915A. (Dkt. Nos. 16, 18.)

In short, Plaintiff has already had the opportunity to amend his complaint via his testimony at the *Spears* hearing, and the Court finds that he has already pleaded his best case as to the dismissed claims. Moreover, the Court notes that during the *Spears* hearing, and in the order of partial dismissal, the Magistrate Judge advised Plaintiff that "[a]ny appeal shall be to the Court of Appeals for the Fifth Circuit under 28 U.S.C. § 636(c)(3)." (*See* Dkt. No.

16 at 67.) Plaintiff had the opportunity to appeal the dismissal to the Fifth Circuit, which he abandoned. The Court finds that Plaintiff has pled his best case, and in any event, cannot revive these claims by amendment. The motion to amend is denied.

So ordered.

Dated June 6, 2023.

*[signature]*
James Wesley Hendrix
United States District Judge